THE STATE, ANNA M. POTTER, PROSECUTRIX, v. ARTHUR E. BERRY, GUARDIAN OF SAMUEL DALLY, A LUNATIC.

1. The Orphans' Court has no authority to make an order directing in advance how much the guardian of a lunatic shall expend annually for the support of the lunatic, out of his personal estate and the profits of his real estate.

2. A daughter of the lunatic may prosecute a writ of *certiorari* for the purpose of testing the validity of such an order.

On *certiorari.*

Argued at November Term, 1894, before Justices DIXON and MAGIE.

For the prosecutrix, *Alan H. Strong.*

For the defendant, *Ephraim Cutter.*

The opinion of the court was delivered by

DIXON, J.   The Orphans' Court of Middlesex county, on the petition of Arthur E. Berry, guardian of Samuel Dally, a lunatic, made an order directing that the guardian should expend the sum of $2,000 annually for the support of the lunatic, out of his personal estate and the income of his real estate, and that the guardian should be authorized to pay the taxes on the house and land occupied by the lunatic and his wife, and keep the said house and premises in good order and repair while so occupied.   The prosecutrix, who is a daughter of the lunatic, has sued out this writ of *certiorari* to try whether the subject-matter of this order is within the jurisdiction of the Orphans' Court.   *N. J. Const.,* art. 6, § 4, ¶ 3.

The guardian denies the right of the prosecutrix to institute such a proceeding, urging that she has no legal interest in the question presented.

Our act concerning idiots and lunatics (*Rev., p.* 601) provides that even during the life of the lunatic his heirs and next of kin may cause the guardian to render accounts before the Orphans' Court.   This, we think, gives the heirs, apparent or presumptive, and next of kin of the lunatic sufficient legal interest in the administration of the estate by the guardian to warrant them in challenging the jurisdiction of the Orphans' Court when it attempts to pass upon questions which involve the accountability of the guardian.

We must therefore consider whether the order made was within the jurisdiction of the court.

The jurisdiction of the Orphans' Court is the creature of statute, and, although such construction will be given to the statutes establishing and regulating the authority of the court as, consistently with the obvious intentions of the legislature, will advance and extend their remedial provisions, yet the court can exercise only those powers which, on that construc-

tion, appear to have been conferred. *Pyatt* v. *Pyatt*, 1 *Dick. Ch. Rep.* 285.

Its powers over the guardians and estates of lunatics are derived from the act above cited. *Rev., p.* 601. This statute authorizes the Orphans' Court to appoint the guardian of a lunatic, to order him, when necessary, to sell the lunatic's timber and lands, to compel the guardian to render true accounts of his administration of the estate of the lunatic, to receive and settle (*Shepherd* v. *Newkirk, Spenc.* 343) his accounts, and, when the guardian has received the proceeds of the sale of the lunatic's lands sold by order of the Chancellor, to direct how much of such proceeds (other than the interest thereof) the guardian may appropriate each year to the support of the lunatic.

In these provisions we discover no sign of a legislative purpose to confer upon the court authority to decide in advance what amount of the lunatic's personal property or of the profits of his realty shall be expended for his support by his guardian. On the contrary, a negation of such authority seems to be strongly implied in the limited grant of power over the *corpus* of the fund raised by the sale of lands. Other provisions of the statute clearly indicate that it is the duty of the guardian to determine from time to time, as circumstances may require, what expenditures shall be made out of the personal property and the profits of the realty, for the support of the lunatic. He is to " have the care and safe keeping of the lunatic, his lands, tenements, goods and chattels, that the said lunatic may live and be competently supported and maintained by and out of his goods and chattels and the profits of his lands and tenements." Although the guardian is to render account of his administration to the Orphans' Court, and the court is to pass upon the propriety of his conduct, yet this by no means implies that, before the exigencies arise under which the guardian is to act, the court may anticipate the possible conditions and prescribe his duties or limit his powers. The guardian, not the court, is made the custodian and the administrator of these funds, subject

·only to the judgment of the court upon the honesty and pru-dence of his transactions. The power thus delegated to the ·court is essentially different from that exercised in making the order under review. The former is purely judicial; the latter is mainly administrative.

We think the order brought up is beyond the jurisdiction ·of the Orphans' Court and should be set aside.